IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) SALLY E. RICE, as trustee for the Winston Lawrence Rice Trust, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1) BURLINGTON RESOURCES OIL & GAS COMPANY LP,<br><br>Defendant. | Case No. 20-cv-00431-GKF-FHM |

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiff Sally E. Rice ("Plaintiff"), as trustee for the Winston Lawrence Rice Trust, for herself and all others similarly situated, files this Complaint against Burlington Resources Oil & Gas Company LP ("Burlington" or "Defendant"). Plaintiff alleges and asserts the following against Defendant.

### SUMMARY

1. This class action concerns Burlington's willful and ongoing violations of North Dakota law related to the interest owed on untimely payments of oil-and-gas royalties.

2. North Dakota statute requires operators like Burlington to pay royalties to mineral owners, both leased and unleased, within 150 days of marketing the oil or gas. The statute further requires operators to pay mineral owners statutory interest when they fail to meet that deadline.

3. Burlington does not automatically pay mineral owners the interest it owes on untimely royalty payments. Instead, it has a policy of only paying statutory interest when

mineral owners demand it, despite the fact that the statute expressly disclaims a demand requirement.

4.     Plaintiff brings this class action to recover damages for herself and all similarly situated mineral owners who received untimely payments from Burlington for which it did not pay the interest required by North Dakota statute.

## PARTIES

5.     Plaintiff Sally E. Rice is a citizen of Oklahoma and resides in Tulsa.

6.     Plaintiff is trustee for the Winston Lawrence Rice Trust.

7.     Burlington is a citizen of Texas and Delaware by virtue of the citizenship of its partners.

8.     Specifically, Burlington is wholly owned by Burlington Resources Oil & Gas GP LLC and Burlington Resources Oil & Gas LP LLC, both of which are owned by Burlington Resources LLC. Burlington Resources LLC is wholly owned by ConocoPhillips Company ("ConocoPhillips"), which is incorporated under Delaware law and which maintains its principal place of business in Houston, Texas. *See Papenhausen v. ConocoPhillips Co., et al.*, Case No. 1:20-cv-115-DMT-CRH, Doc. 21 at 2, ¶¶ 4–5 (D.N.D. June 30, 2020).

9.     Burlington may be served with process by serving its registered agent: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159-7653.

## JURISDICTION & VENUE

10.    This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendants are citizens of different states.

11. This Court has personal jurisdiction over Burlington because it has minimum contacts with this district related to the claims in this case.

12. ConocoPhillips acts as Burlington's agent for oil-and-gas royalty payments:

> *ConocoPhillips Company ("ConocoPhillips") is acting as an agent on behalf of Burlington Resources Inc. (BR) and its subsidiaries effective January 2007 as it pertains to Oil and Gas royalty payments.

*See U.S. Interest Owners*, CONOCOPHILLIPS, http://www.conocophillips.com/us-interest-owners/ (last visited Aug. 25, 2020).

13. Specifically, ConocoPhillips provides services for Burlington—including owner relations, production accounting, and division order management—out of its office in Bartlesville, Oklahoma, which is a "Key Office Location" for the claims at issue in this case:



*See Lower 48*, CONOCOPHILLIPS, http://www.conocophillips.com/operations/lower-48/ (last visited Aug. 25, 2020).

14. On the check stubs it sends to mineral owners, ConocoPhillips directs them to contact its Bartlesville office when they have questions about their payments:

```
WHEN INQUIRING ABOUT YOUR INTEREST, PLEASE REFER TO YOUR
OWNER NUMBER AND LEASE NUMBER
WRITE TO: CONOCOPHILLIPS COMPANY
OWNER RELATIONS UNIT
P.O. BOX 5050
BARTLESVILLE, OK 74005
FAX:   1-918-661-5544
BETWEEN 8 AM AND 4 PM CST, IF THE OWNER'S
LAST NAME OR COMPANY BEGINS WITH
         A-F CALL   (918)661-0903
         G-N CALL   (918)661-0904
         O-Z CALL   (918)661-0905
```

ConocoPhillips also directs mineral owners to the Bartlesville office through its website:

### How do I contact the Owner Relations Unit?

See contact options below. Please have your ConocoPhillips Owner Number and your Social Security/Tax Identification Number on hand. Hours of operation are 8 a.m. – 4 p.m. Monday-Friday Central Standard Time.

### Mail

ConocoPhillips Company, Attn: Owner Relations Unit
P.O. Box 5050
Bartlesville, OK 74005

*See U.S. Interest Owners – Questions & Answers*, CONOCOPHILLIPS, http://www.conocophillips.com/us-interest-owners/questions-answers/ (last visited Aug. 25, 2020).

15. Decisions on whether Burlington owes interest on late payments, and whether Burlington will pay interest on those late payments, are made by ConocoPhillips in its Bartlesville office.

16. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred in Bartlesville, Oklahoma, which is located within this district. *See supra* at 3–4, ¶¶ 12–15.

## FACTUAL ALLEGATIONS

17. The preceding allegations are fully incorporated by reference.

18. North Dakota statute provides:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee within one hundred fifty days after oil or gas produced under the lease is marketed . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner **within one hundred fifty days after oil or gas production is marketed** from the unleased mineral interest owner's mineral interest, **the operator thereafter shall pay interest** on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid** . . . .

N.D.C.C. § 47-16-39.1 (emphasis added).

19. Stated differently, when an operator like Burlington fails to pay royalties to a mineral owner within 150 days after the oil or gas is sold, the operator owes 18% interest on the unpaid royalty.

20. The statute expressly states there is no demand requirement before a mineral owner is entitled to statutory interest. *See* N.D.C.C. § 47-16-39.1 ("without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest").

21. The statute equally applies the 18% interest obligation to late payments made to both leased and unleased mineral owners. *See id.*

22. Despite this clear statutory obligation, Burlington does not automatically pay interest on untimely payments. Instead, through its agent ConocoPhillips, Burlington has adopted a policy of requiring mineral owners to first demand statutory interest before it will pay what is already owed under the statute.

23. Plaintiff serves as trustee for the Winston Lawrence Rice Trust (the "Trust").

24. The Trust owns an interest in oil and gas produced from the Haydon 44-22TFH-ULW well, which is located in Section 22-151N-97W in McKenzie County, North Dakota.

25. Burlington operates the Haydon 44-22TFH-ULW well and remits royalty payments to the Trust through its agent ConocoPhillips.

26. Burlington failed to pay the Trust royalties to which it is entitled within 150 days of marketing the Trust's mineral interests from the Haydon 44-22TFH-ULW well.

27. For example, for oil Burlington marketed from the Haydon 44-22TFH-ULW well in December 2014, the Trust did not receive payment until February 29, 2016.

28. When Burlington finally did pay those royalties owed to the Trust in February 2016, Burlington did not include the 18% interest required by North Dakota statute.

## CLASS ACTION ALLEGATIONS

29. The preceding allegations are fully incorporated by reference.

30. Plaintiff brings this action on behalf of herself and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

31. Plaintiff brings this class action on behalf of the following class ("Class"):

> All non-excluded persons or entities owning mineral interests in North Dakota wells who: (1) received untimely payments from Burlington for royalties in North Dakota wells; and (2) whose payments did not include the 18% interest required by law.
>
> Excluded from the Class are: (1) Burlington, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of North Dakota.

32. Upon information and belief, there are thousands of absent Class members entitled to interest on late payments made by Burlington.

33. The Class is so numerous that joinder of all members is impracticable.

34. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the North Dakota acreages for which Burlington has an obligation to pay oil-and-gas royalties;

   b. Whether, under North Dakota law, Burlington owed interest to Plaintiff and the Class on any untimely payments;

   c. Whether Burlington's failure to pay interest to Plaintiff and the Class on any untimely payments constitutes a violation of North Dakota statute; and

   d. Whether Burlington is obligated to pay interest on future untimely payments.

35. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

36. Burlington treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments.

37. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

38. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

    b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendants relating to their failure to pay interest owed on the untimely payment of oil-and-gas royalties as required by North Dakota law;

    c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

    d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

    e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Burlington, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Burlington.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

40. The preceding allegations are incorporated by reference.

41. Plaintiff brings this cause of action on behalf of herself and the Class.

42. Plaintiff and the Class were legally entitled to the payments of oil-and-gas royalties from Burlington, for production from wells owned or operated in North Dakota.

43. N.D.C.C. § 47-16-39.1 requires Burlington to pay owners within 150 days of marketing the production of their oil-and-gas interests.

44. When Burlington fails to pay owners within 150 days, N.D.C.C. § 47-16-39.1 requires Burlington to pay owners 18% interest when the payment is eventually made.

45. Burlington held oil-and-gas royalties belonging to Plaintiff and the Class, and Burlington failed to timely pay these royalties to Plaintiff and the Class.

46. When Burlington eventually paid these royalties to Plaintiff and the Class, it did not pay the 18% interest required by N.D.C.C. § 47-16-39.1.

47. Burlington's failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Burlington to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Burlington's breaches and unlawful conduct, including, without limitation, the interest on the untimely payments required by law;

3. An order requiring Burlington to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order requiring Burlington to pay the Class's attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
THE LANIER LAW FIRM, P.C.
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan.bradford@lanierlawfirm.com
ryan.wilson@lanierlawfirm.com

**COUNSEL FOR PLAINTIFF**